

# Fourth Court of Appeals
## San Antonio, Texas

May 10, 2018

No. 04-18-00153-CV

**IN RE A.L.H. AND G.F.H.**,

From the 150th Judicial District Court, Bexar County, Texas
Trial Court No. 2016PA01945
Honorable Charles E. Montemayor, Judge Presiding

# O R D E R

Sitting:    Sandee Bryan Marion, Chief Justice
             Luz Elena D. Chapa, Justice
             Irene Rios, Justice

James Peplinksi, counsel for the appellant-mother R.M.R., has filed an appellant's brief. We have reviewed the brief and determined that it is substantively defective under the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 38.1, 38.9.

The brief presents a single issue: "Whether the evidence was factually or legally sufficient to support the court's finding that the termination was in the best interests of the children." Under the "Statement of Facts" section, the brief recites the procedural history at length, as well as the trial proceedings and the witnesses' testimony. According to the brief, witnesses testified there was "a history of domestic violence between [the parents]"; one of the children "was born with methadone in his system"; R.M.R. did not complete her family service plan; R.M.R. "tested positive [for drugs] at the beginning of the case, was required to submit to drug treatment, did not do so, and tested positive for hydrocodone, methamphetamines, and amphetamines" during the case; R.M.R. "does not have stable housing"; "R.M.R. has not held a job during the entire pendency of the case"; R.M.R. "only saw the children approximately three times since August of 2017"; and R.M.R. suffers from severe "opioid heroin use disorder."

The "Summary of the Argument" section states, "In this case, the evidence presented at trial was legally and factually insufficient to support the trial court's finding that termination of R.M.R.'s parental rights was in the best interests of the children." Under the "Argument" section, the brief recites the substantive law, the standard of review, and statutory and case-law factors for a child's best interest. *See* TEX. FAM. CODE. § 263.307(b); *Holley v. Adams*, 544 S.W.2d 367 (Tex. 1976). Only two sentences in the "Argument" section are not pure statements of law: (1) "The evidence at trial was wholly insufficient to support the court's finding that termination was in the best interests of the children," and (2) "It was not in the children's best interests to

terminate R.M.R.'s parental rights and the Department did not meet the legal burden required to do so."

Texas Rule of Appellate Procedure 38.1 provides, "The appellant's brief must, under appropriate headings and in the order here indicated, contain" required contents, including:

> (h) *Summary of the Argument*. The brief must contain a succinct, clear, and accurate statement of the arguments made in the body of the brief. This summary must not merely repeat the issues or points presented for review.

> (i) *Argument*. The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.

*See* TEX. R. APP. P. 38.1(h), (i).

Inadequate briefing, whether due to the complete lack of contentions, arguments, citations to the record, or citations to authority, can result in brief waiver. *See McKellar v. Cervantes*, 367 S.W.3d 478, 484 n.5 (Tex. App.—Texarkana 2012, no pet.) ("Bare assertions of error, without argument or authority, waive error."). Consequently, when a brief is deficient as to the only issue or point presented on appeal, an inadequate appellant's brief risks adversely affecting the party's substantive rights. *See id.* Inadequately briefing the sole issue on appeal raises sufficiently grave concerns, but those concerns are greater when, as here, the appeal involves fundamental rights enshrined in the U.S. Constitution and when the appellant is entitled by law to effective assistance of counsel. *See Stanley v. Illinois*, 405 U.S. 645, 651 (1972); *In re E.R.W.*, 528 S.W.3d 251, 261 (Tex. App.—Houston [14th Dist.] 2017, no pet.)

To protect against those concerns, Texas Rule of Appellate Procedure 38.9 provides appellate courts a mechanism to protect parties' rights. Rule 38.9 provides:

> (b) *Substantive Defects*. If the court determines, either before or after submission, that the case has not been properly presented in the briefs, or that the law and authorities have not been properly cited in the briefs, the court may postpone submission, require additional briefing, and make any other order necessary for a satisfactory submission of the case.

*See* TEX. R. APP. P. 38.9(b). On one hand, we are loath to postpone and delay cases, such as this one, that involve the permanency and welfare of children and are time-sensitive. *See* TEX. FAM. CODE. § 263.401; *see also* TEX. R. JUD. ADMIN. 6.2(a). On the other hand, the Legislature has provided parents in termination cases the right to effective assistance of counsel and parental rights are fundamental constitutional rights. *See Stanley*, 405 U.S. at 651; *E.R.W.*, 528 S.W.3d at 261.

To provide more context for this order, we take judicial notice of the files in appellate cause numbers 04-17-00681-CV and 04-17-710-CV. In those cases (and perhaps others), the "Argument" sections in briefs filed by Mr. Peplinksi appear nearly identical to the brief filed in this case. The conclusory allegations are the same in each brief. And the only case-specific aspect of the "Argument" sections of those briefs are the appellant's initials.

In light of appellate counsel's repetitive violations of Rule 38.1, we must act to protect the integrity of the appellate process and a parent's right to reasonably effective assistance of counsel. We hold the appellant's brief is substantively defective in the following ways:

1.  It does not contain any case-specific arguments or contentions that examine how the law applies to the evidence in this case. The "Statement of the Facts" section contains a detailed recitation of all of the evidence that the Department relied on at trial, but the "Argument" section does not provide any contentions or arguments as to why that evidence is legally or factually insufficient.

2.  The "Argument" section contains no citations to the record.

3.  The "Summary of the Argument" merely reiterates the issue statement.

We order James Peplinksi to file an amended appellant's brief that corrects the above-noted deficiencies by **May 21, 2018**. If Mr. Peplinksi is unable to make good-faith arguments and contentions in support of the sole issue on appeal, he is hereby reminded of the procedures for filing a brief and motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738 (1967).

Luz Elena D. Chapa, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of May, 2018.

KEITH E. HOTTLE,
Clerk of Court